UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARYANN ALBERTS,

    *Plaintiff,*

v.

BUEFORD DAVIS BUMGARDNER, JR.,
CRETE CARRIER CORP., JOHN DOES 1-10
and ABC CORP 1-10,

    *Defendants.*

Civil Action No. 13-5538
(JMV)(JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Plaintiff Maryann Alberts' motion for reconsideration of the Court's August 28, 2017 Opinion and accompanying Order barring the reports and testimony of Plaintiff's two medical experts. D.E. 64, 65, 67. Bueford Davis Bumgardner, Jr., and Crete Carrier Corp. (collectively, "Defendants") oppose this motion. D.E. 71. The Court reviewed submissions made in support of and in opposition to the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons that follow, the Plaintiff's motion is **DENIED**.

---

[1] Brief of Plaintiff Mary Ann Alberts in Support of Plaintiff's Motion for Reconsideration, D.E. 67, hereinafter referred to as "Plaintiff's Brief" or "Pl. Br."; Defendants' letter brief in opposition to Plaintiff's Motion for Reconsideration, D.E. 71, hereinafter referred to as "Defendants' Brief" or "Def. Br."; Plaintiff's letter brief in reply to Defendants' opposition, D.E. 74, hereinafter referred to as "Plaintiff's Reply Brief" or "Reply Br."

## I. Standard of Review

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within 14 days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) there has been an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. In other words, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

## II. Analysis

In her motion, Plaintiff makes four arguments: (1) that a comparative analysis of her pre-existing injuries and her allegedly aggravated symptoms was not required; (2) that even if a comparative analysis was required, both expert reports contained such analysis; (3) the Court should have conducted a Rule 104 hearing before barring the testimony and reports of both

2

experts; and (4) Plaintiff should have been able to amend her reports to cure any alleged deficiency. Pl. Br. at 5-7. These arguments fall into the third scenario outlined in the motion for reconsideration standard. Plaintiff is asking the Court to "correct a clear error of law."

The Court notes at the outset that the legal analysis section of Plaintiff's Opposition to Defendants' initial motion to bar the expert reports was a mere six pages long, and cited to eight cases. *See* D.E. 57. Plaintiff's Brief in support of the instant motion, by contrast, is thirty-three pages long, and cites to over twenty cases, despite the fact that the issue of whether or not a comparative analysis was required was central to Defendants' argument in favor of excluding the reports.

The Court fully discussed the issue of comparative analysis in its August 25, 2017 Opinion. *See* D.E. 64 at 7-10. Plaintiff continually argues that the Court mistakenly imported the comparative standard from verbal threshold cases. *See, e.g.*, Pl. Br. at 8, 13-14. Rather, the Court's Opinion quotes extensively from the New Jersey Supreme Court case, *Davidson v. Slater*, which states that a plaintiff must present a comparative analysis even outside the context of verbal threshold cases. 189 N.J. 166, 170 (2007) ("When a plaintiff alleges aggravation of pre-existing injuries as the animating theory for the claim, then plaintiff must produce comparative evidence to move forward with the causation element of that tort action.")[2]; D.E. 64 at 8-9.

---

[2] To be clear, *Davidson* involved a plaintiff who was subject to the verbal threshold. However, the Supreme Court made clear that its ruling was not based on the verbal threshold: "Although the parties present their dispute as one focused on the current verbal threshold standard, our determination in this matter turns ultimately on the application of basic tort principles of causation and burden allocation as between plaintiffs and defendants." 189 N.J. at 170. The *Davidson* Court later emphasized this point:

> That said, to the extent the parties have focused their attention on a pre- versus post-AICRA [verbal threshold] substantive requirement

3

Plaintiff's second argument about the sufficiency of the comparative analysis was not addressed at length in her initial Opposition, although it clearly could have been. *See* D.E. 57 at 10. More importantly, and as discussed in the Court's August 25, 2017 Opinion, VonRoth's actual report did not actually contain the comparative analysis that Plaintiff claimed in her initial Opposition. D.E. 64 at 8-10. Additionally, Plaintiff relies heavily on *Kerper v. Chilson* in her current motion, a case she failed to cite in her initial Opposition. 2016 WL 1122672 (D.N.J. Mar. 22, 2016); Pl. Br. at 18-19. It is not appropriate on a motion for reconsideration for a litigant to package legal arguments that could have been made earlier as proof that the Court has made a "clear error of law." In addition, in *Kerper*, the physician who conducted the comparative analysis was the same doctor who treated the plaintiff after both accidents. 2016 WL 1122672, *4. As such, he was intimately familiar with the plaintiff's injuries and her medical records. The same cannot be said of Plaintiff's experts in this case, as the Court previously found in its August 25, 2017 Opinion.

Similarly, as for the third and fourth arguments, neither were made in the Plaintiff's Opposition to the initial motion to exclude the expert reports. Yet, these arguments could have

---

> for comparative medical evidence, their arguments are wide of the mark. *The need for a plaintiff to produce a comparative medical analysis remains dependent on traditional principles of causation and burden allocation applicable to tort cases generally. Those principles are what determine the need for comparative evidence.* The question that we now answer is one that transcends the AICRA verbal threshold setting in which it has arisen.

*Id.* at 184 (emphasis added). One of Plaintiff's primary arguments in her initial Opposition was that she was not subject to the verbal threshold and that *Davidson*'s application was limited to verbal threshold cases. *See, e.g.*, D.E. 57 at 7 ("*Davidson* discusses the necessity of a comparative analysis solely in the context of a verbal threshold cases under AICRA, N.J.S.A. 39:6A-1 *et seq.*"). The foregoing quotes from *Davidson* demonstrate that Plaintiff is plainly mistaken on this point.

been made, as it was clear then that Defendants sought to entirely exclude the evidence proffered by the two doctors. Plaintiff could have requested then that the Court hold a Rule 104 hearing or allow the reports to be amended. She failed to do so, D.E. 57, therefore it is improper to now consider such requests on a motion for reconsideration.

### III. Conclusion

For the reasons stated above, and for good cause shown,

**IT IS** on this 26th day of February, 2018,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

John Michael Vazquez, U.S.D.J.