UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANN ALBERTS,<br><br>    Plaintiff,<br><br>  v.<br><br>BUEFORD DAVIS BUMGARDNER, JR., et al.,<br><br>    Defendants. | Civil Action No. 13-5538 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a motion by Plaintiff Maryann Alberts ("Plaintiff") seeking to reopen discovery in this matter in order to amend the expert reports of Plaintiff's experts Dr. William Vonroth, Jr., M.D. (the "Vonroth Report") and Dr. Jeff Chung, M.D. (the "Chung Report") [Dkt. No. 80]. Defendants Crete Carrier Corp. and Bueford Davis Bumgardner (collectively "Defendants") oppose Plaintiff's motion [Dkt. No. 85]. For the reasons set forth below, Plaintiff's motion to amend the Vonroth Report and the Chung Report [Dkt. No. 80] is **GRANTED**.

**I. BACKGROUND**

  Plaintiff's Complaint in this matter arises from a motor vehicle accident on August 25, 2011, during which Defendant Bumgardner, who was operating a truck owned by Defendant Crete Carrier Corp. ("Crete") struck Plaintiff's vehicle causing her to sustain injuries (the "Accident"). *See* Dkt. No. 1-1, Compl. at ¶ 3-4. Plaintiff alleges that the Accident exacerbated preexisting injuries to her hands, wrists, back, shoulders and knees and asserts three causes of action for negligence, recklessness and *respondeat superior*.

1

Plaintiff submitted two expert reports and a supplemental report in support of her claim for causation and damages. First, the Vonroth Report, which is dated March 6, 2015, opined that Plaintiff's preexisting conditions were aggravated by the Accident. *See* Dkt. No. 53-3. On November 1, 2016, Dr. Vonroth supplemented his report after he had the opportunity to review the report for an MRI conducted on Plaintiff on February 5, 2013. *Id.* The Chung Report, which is dated July 3, 2016, opined that the Accident directly caused many of Plaintiff's preexisting conditions to worsen significantly. *See* Dkt. No. 53-4.

On February 27, 2017, Defendants filed a motion to preclude Plaintiff's experts reports and expert testimony at the time of trial, contending that Dr. Vonroth and Dr. Chung did not conduct a comparative analysis of Plaintiff's injuries pre-Accident and post-Accident, and accordingly, that the reports will not assist the factfinder in determining the extent of the damages sustained by Plaintiff as a result of the Accident. *See* Dkt. No. 53. The Court granted Defendants' motion, finding that a comparative analysis is necessary in this matter and that Plaintiff's experts failed to properly conduct one. *See* Dkt. No. 64.

Following the Court's decision granting Defendants' motion to exclude her expert reports, Plaintiff filed the present motion seeking leave to reopen expert discovery for the limited purpose of allowing her experts to amend their reports to include the missing comparative analysis. *See* Dkt. No. 80. Defendants oppose Plaintiff's motion. *See* Dkt. No. 85.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(e), a party "must supplement or correct its disclosure: (A) in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect . . . ." As Plaintiffs' request to supplement is far outside the deadlines set forth in the scheduling orders for this matter, in considering Plaintiffs' request, the

Court considers: (1) the prejudice to the opposing party; (2) the ability of the opposing party to cure the prejudice; (3) the extent to which allowing a supplemental statement would disrupt the order and efficiency of the proceedings; (4) bad faith or willfulness of the moving party in failing to comply with the Court's orders; and (5) the importance of the excluded evidence. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012). However, "parties may not use their obligation to supplement [under Rule 26(e)] as an excuse to violate the clear terms of a Scheduling Order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.,* 2011 WL 1897322, at *3 (D.Del. May 19, 2011).

First, the Court addresses any prejudice caused to Defendants by allowing Plaintiff to supplement her expert reports. Defendants claim that they will be "severely prejudiced" if Plaintiff is permitted to amend her expert reports because they would "bear the burden and expense of reviewing and responding to [Plaintiff's] late supplemental reports." Dkt. No. 85 at p. 3. According to Defendants, in order to properly address any supplemental reports submitted by Plaintiff, they will likely be required to secure additional medical reports which may not have been previously identified and supply such reports to their own experts for review. Additionally, Defendants assert that depositions of Plaintiff's doctors may now be necessary based upon the proposed supplemental reports. In response to Defendants' concerns, Plaintiff states that the amended expert reports are "based entirely upon information that has already been produced in discovery and of which the defense has been in possession of for several years." Dkt. No. 86 at p. 3. Defendants claim that this anticipated process will "undoubtedly result in unnecessary burden and substantial expenses on Defendants . . . ." Dkt. No. 85 at p. 5. Although the anticipated process and additional efforts and expenses asserted by Defendants are largely speculative, the

Court agrees that Defendants will undoubtedly be required to expend additional time and effort to respond to the supplemental reports, which will indeed cause Defendants to suffer at least some prejudice, which will likely not be curable. Accordingly, the Court finds that this factor weighs against Plaintiff's motion.

Next, the Court turns to the extent to which allowing Plaintiff to supplement her expert reports would disrupt the order and efficiency of the proceedings in this matter. Although this matter has been pending for over five years and expert discovery has long concluded, no trial date has been set and the Court finds that allowing a brief period for Plaintiff to supplement her expert reports will not substantially disrupt the final disposition of this matter. Rather, in this specific instance, the Court finds that allowing for this brief reopening of discovery to allow Plaintiff's experts to include a comparative analysis will facilitate a full and complete trial of the claims in this matter and allow this case to reach its ultimate resolution. Accordingly, the Court finds that this factor weighs in favor of Plaintiff's request.

Turning to the next factor, Defendants do not assert any bad faith or willfulness on behalf of Plaintiff in failing to comply with this Court's scheduling orders. Although neither party addresses this factor directly, there is no evidence leading the Court to believe that Plaintiff's request is motivated by any bad faith. Rather, it appears that Plaintiff's motion was filed in direct response to the Court's decision barring her expert reports based upon the identified deficiencies. Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

Finally, the Court addresses the importance of the evidence Plaintiff seek to include through supplementing her expert reports, which is "often the most significant factor." *ZF Meritor*, 696 F.3d at 298 (3d Cir. 2012) (citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991)). Plaintiff asserts that the evidence she seeks to include "is extremely

important" and that without being allowed to submit amended expert reports, she will be "left without medical experts to testify as to the aggravation of [her] pre-existing condition" which "may be fatal to Plaintiff's cause of action." Dkt. No. 80 at p. 3. Defendants do not contest that the information in question is essential to Plaintiff's case and the Court agrees that barring Plaintiff from supplementing her expert reports would likely be fatal to her claims. Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

Based on the foregoing, the Court grants Plaintiff's motion to reopen discovery for the limited purpose of supplementing the Vonroth Report and Chung Report. However, this period of discovery will be limited in an effort to minimize any further delay in the final resolution of this matter. Fact and expert discovery in this matter have long been complete and the Court finds that Defendants will be prejudiced by any extended period of additional discovery. Accordingly, Plaintiff will be given thirty (30) days from the date of this Order to serve her supplemental reports and Defendants will be given sixty (60) days to respond. There will be no extensions of these deadlines.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 25th day of October, 2018,

**ORDERED** that Plaintiff's motion to reopen discovery for the limited purpose of supplementing the Vonroth Report and Chung Report [Dkt. No. 80] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to serve her supplemental reports; and it is further

**ORDERED** that Defendants shall have sixty (60) days from the date of Plaintiff's service of their supplemental report to file any response; and it is further

**ORDERED** that the Court will conduct a telephone conference with the parties on **January 22, 2019 at 10:00 AM**. Counsel for Plaintiff shall initiate the call.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**