UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| MARYANN ALBERTS | : | |
| Plaintiff, | : | **Civil Action No. 13-5538 (JXN) (JBC)** |
| | : | |
| v. | : | |
| | : | **OPINION** |
| BUEFORD DAVIS BUMGARDNER, JR., | : | |
| *et al* | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

    This matter comes before the Court on Defendants Bueford Davis Bumgardner, Jr. ("Bumgardner") and Crete Carrier Corp.("Crete") (collectively, "Defendants") motions *in limine* [ECF Nos. 117-121]. Plaintiff Maryann Alberts ("Plaintiff") opposed three of the motions [ECF Nos. 122-124], and Defendants replied [ECF Nos. 125-127]. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' first motion *in limine* is **GRANTED-in-part** and **DENIED-in-part**; Defendants' second motion *in limine* is **GRANTED**; Defendants' third motion *in limine* is **GRANTED-in-part** and **RESERVED-in-part**; Defendants' fourth motion *in limine* is **GRANTED-in-part** and **DENIED-in-part**; and Defendants' fifth motion *in limine* is **DENIED**.

    **I.   FACTUAL BACKGROUND**

    This case arises out of a motor vehicle accident on August 25, 2011, during which Defendant Bumgardner, who was operating a truck owned by Defendant Crete struck Plaintiff's vehicle causing her to sustain injuries (the "Accident"). *See* ECF No. 1-1, Compl. at ¶ 3-4.

Plaintiff alleges that the Accident exacerbated preexisting injuries to her hands, wrists, back, shoulders and knees and asserts three causes of action for negligence, recklessness and *respondeat superior*.

Now before the Court are five *in limine* motions filed by Defendants. First, Defendants seek to bar all evidence and testimony related to opinions by Plaintiff's experts regarding Plaintiff's need for future medical treatment and associated costs of the same. *See* ECF No. 117.[1] Second, Defendants seek to bar all evidence related to Defendants' prior and subsequent motor vehicle accidents. *See* ECF No. 118. Third, Defendants seek to bar all discovery and medical records not served within the applicable discovery period. *See* ECF No. 119. Fourth, Defendants seek to bar Plaintiff's experts' opinions regarding employment and disability. *See* ECF No. 120. Finally, Defendants request that the Court conduct a Rule 104 hearing before Plaintiff's medical experts testify to determine whether they relied on inadmissible evidence. *See* ECF No. 121. Plaintiff opposes the first, fourth and fifth motion. *See generally* ECF Nos. 122-124. The Court addresses each motion in turn.

II. **LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *United States v. Browne*, No. CR 20-965 (MAS), 2022 WL 1063953, at *1 (D.N.J. Apr. 8, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Federal trial courts often find it appropriate to rule on pre-trial *in limine* motions to exclude or admit certain evidence so that "the court can shield the jury from unfairly prejudicial or irrelevant evidence." *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002). "The *in limine* motion then fosters

---

[1] For sake of clarity, when citing to the parties' submissions in connection with Defendants' motions *in limine*, the Court will cite to the page number listed in the ECF header.

2

efficiency for the court and for counsel by preventing needless argument at trial." *Id.* "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09-1153, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996)).

### III.  DISCUSSION

**A. First Motion *in Limine* - Defendants' motion to preclude all testimony evidence related to Plaintiff's need for medical treatment and costs [ECF No. 117].**

Defendants contend that all evidence and testimony related to Plaintiff's need for future medical treatment and costs must be barred because it is too speculative. ECF No. 117-2 at 5. In their brief, Defendants note that "Dr. Vonroth does not explicitly detail why future treatment could become necessary or which of plaintiff's injuries the unspecific future medical care would aim to treat." *Id.* at 7. Defendants also note that "Dr. Vonroth does not describe the type of anticipated future medical care with specificity or even opine as to what potential treatment methods or interventional procedures could be sought by plaintiff." *Id.* Defendants argue that "Dr. Vonroth's failure to limit the scope of plaintiff's potential future treatment leaves the jury to speculate as to what type of medical care plaintiff may receive and why." *Id.* Defendants further argue that due to "Dr. Vonroth's vague description of plaintiff's anticipated need for future treatment, the jury will be left to speculate as to the frequency at which plaintiff may receive future care." *Id.* at 7-8.

In response, Plaintiff contends that Defendants must be precluded from making this application to limit the testimony of Plaintiff's medical expert regarding Plaintiff's future medical treatment because Defendants did not include the motion in the parties' pre-trial scheduling order. ECF No. 122 at 2. Citing to a District of Utah decision, Plaintiff notes that "if counsel fails to identify an issue for the court at a pretrial conference, the right to have the issue tried is waived."

3

*Id.* (citing *MacArthur v. San Juan County*, D. Utah 2005, 416 F. Supp. 2d 1098, *appeal dismissed*, 495 F. 3d 1157).[2] Notwithstanding the above, Plaintiff contends that there is simply no basis to preclude Dr. Vonroth from testifying about Plaintiff's future medical treatment because such treatment was explicitly identified in reports served during discovery; and Dr. Vonroth's opinions were provided within a reasonable degree of medical probability. ECF No. 122 at 3-4. Plaintiff further contends that "[t]he issues raised by Defendants are subjects for cross-examination, not preclusion of the medical expert's testimony." *Id.* at 6. Thus, Plaintiff requests that Defendants' motion be denied.

In their reply, Defendants contend that Plaintiff's argument is misplaced. *See* ECF No. 125 at 2. More specifically, Defendants argue that they did not waive their right to preclude testimony from Plaintiff's medical expert because they specifically stated their intent to file a motion *in limine* "barring any and all discovery and medical records not served in discovery" in the parties' pretrial order. *Id.* Defendants note that "[t]he instant motion in limine seeks to bar plaintiff's experts from testifying about evidence not served in discovery. Thus, the parties' pre-trial order did encompass the instant motion in limine and defendants are entitled to the Court consideration . . .." *Id.* Moreover, Defendants contend that Dr. Vonroth's reports require the jury to consider speculative evidence related to Plaintiff's future medical care and associated expenses. *Id.* at 4. Defendants note that Dr. Vonroth identified surgery that Plaintiff will need but does not explain what the surgery entails, nor does he specify the level at which this procedure should be performed. *Id.* Defendants argue that Dr. Vonroth's reports do not detail the medical expenses that Plaintiff could incur should she proceed with the recommended surgeries, nor do the reports detail the rehabilitative or recovery period. *Id.* Defendants contend that without this information,

---

[2] In the interest of deciding the parties' issues on the merits, the Court will not consider Plaintiff's procedural arguments raised in ECF Nos. 122-124.

4

any evidence the jury would consider with regard to Plaintiff's future medical treatment would be purely speculative. *Id.*

On March 6, 2015, Dr. Vonroth examined Plaintiff in connection with the motor vehicle accident that occurred on August 25, 2011. *See* ECF No. 117-4. As Plaintiff's examining physician, Dr. Vonroth issued a report noting that Plaintiff had several pre-existing injuries that were aggravated by the accident, including a tear in the right shoulder, weakness in the shoulder, sensitivity with motion of the neck, limitation of the lumbar spine, discomfort in the knee, stiffness in the ankle, cervical spine, among other injuries. *Id.* at 6-8. In the report, Dr. Vonroth opined that "within a reasonable degree of medical probability that the trauma that the patient sustained at the time of the motor vehicle accident on August 25, 2011, have aggravated her pre-existing conditions . . . ." *Id*. at 8. Dr. Vonroth provided supplemental reports on November 1, 2016, and March 28, 2018, in which he noted that Plaintiff is a candidate for surgical repair of the tear in her rotator cuff and for total knee replacement. ECF No. 117-4 at 14; ECF No. 117-4 at 10. The medical treatment noted in Dr. Vonroth's reports detail exactly the nature of the procedures required and the reasons that they are required. Thus, the Court concludes that Dr. Vonroth's opinions of Plaintiff's medical treatment is not speculative. Accordingly, Defendants' motion to preclude all testimony evidence related to Plaintiff's need for medical treatment is denied.[3]

Notwithstanding the above, Dr. Vonroth does not set forth any details regarding the costs of Plaintiff's future medical treatment in his report. Moreover, Plaintiff does not oppose Defendants' motion on this issue. Accordingly, Defendants' motion will be granted with respect to this issue and Dr. Vonroth will be barred from testifying about the costs of any future medical treatment that Plaintiff will need.

---

[3] The Court notes, however, that this decision does not preclude Defendants from raising objections at trial to any testimony that exceeds the scope of Dr. Vonroth's report.

Defendants similarly seek to preclude all testimony evidence from Dr. Jeff Chung related to Plaintiff's need for medical treatment and costs. Although Defendants note that Dr. Chung does not expressly opine in any of his reports that Plaintiff will require future medical treatment, Defendants contend that "to the extent that Plaintiff tries to elicit such testimony from Dr. Chung at the time of trial, all testimony regarding [P]laintiff's potential need for future medical treatment must be barred and not considered by the jury." ECF No. 117-2 at 9. Because there is no indication that Dr. Chung will testify about any future costs or medical treatment, this motion is not ripe for the Court to decide. Accordingly, Defendants' motion on this particular issue is denied without prejudice.

### B. Second Motion *in Limine* – Defendants' motion to bar all evidence related to Defendants' prior and subsequent motor vehicle accidents [ ECF No. 118].

Defendants' second motion *in limine* seeks to bar all evidence related to Defendants' prior and subsequent motor vehicle accidents. *See* ECF No. 118-2. Defendants argue that any evidence related to Defendants' involvement in prior and subsequent accidents is substantially more prejudicial than it is probative, and Federal Rule of Evidence 403 prohibits prejudicial evidence of this exact type. *Id.* at 5. Plaintiff does not oppose this motion.

The law here is clear. Under the Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the Court finds that evidence related to Defendants' prior and subsequent motor vehicle accidents is substantially more prejudicial than it is probative. Accordingly, Defendants' second motion *in limine* is granted and neither party shall introduce evidence related to Defendants' prior and subsequent motor vehicle accidents.

### C. Third Motion *in Limine* – Defendants' motion to bar all discovery and medical records not served within the applicable discovery period [ECF No. 119].

Defendants seek to bar all discovery and medical records not served within the applicable discovery period. *See* ECF No. 119-2. Defendants contend that at trial "plaintiff cannot rely upon the untimely discovery barred by the Court. Further, plaintiff cannot rely upon any discovery not produced within the applicable discovery period, nor can plaintiff testify about any medical treatment she may have received after the close of discovery." *Id.* at 7. Moreover, Defendants contend that Plaintiff's experts should be precluded from testifying and providing any opinions related to any medical treatment that Plaintiff may have received after the close of discovery and to any of the treatment records, diagnostic reports and diagnostic films that Plaintiff attempted to serve after the close of discovery. Plaintiff does not oppose this motion.

As an initial matter, Defendants' request to preclude untimely discovery previously barred by the Court is granted.[4] Defendants' request to bar the admission of medical records and any testimony about medical treatment that Plaintiff received after the close of discovery is too broad. As noted above, Plaintiff's examining physician reported that Plaintiff is a candidate for surgical repair of the tear in her rotator cuff and for total knee replacement. *See* ECF No. 117-4 at 14; ECF No. 117-4 at 10. Because evidence and testimony "about any medical treatment [Plaintiff] may have received after the close of discovery" encompasses information that may be directly related to Plaintiff's expert report and "future treatment," the Court is unable to bar such evidence without Defendants identifying specifically which evidence should be barred. Accordingly, the Court reserves its decision on this issue.

---

[4] On February 21, 2019, the Court stated it would "allow the supplemental report of Dr. William Vonroth to consider the significance of the left shoulder MRI referred in the parties' joint letter [Dkt. 90] dated February 11, 2019." ECF No. 91. Without citing to a Court Order, Defendants contend that the Court barred the remainder of the additional late discovery amendments served by Plaintiff in December 2018 and January 2019. *See* ECF No. 119-2 at 7.

D. **Fourth Motion *in Limine* – Defendants' motion to bar all evidence and testimony related to the opinions by Plaintiff's experts regarding Plaintiff's employment and disability [ECF No. 120].**

Defendants contend that Dr. Chung and Dr. Vonroth are not experts and cannot assist the jury in determining whether Plaintiff is totally disabled and unable to work because of injuries she sustained during the accident. ECF No. 120-2 at 9-10. Specifically, Defendants argue that Plaintiff's experts do not possess the requisite skills to testify about Plaintiff being disabled and unable to work; and their "opinions are a hodgepodge of how plaintiff described the accident and what they think or believe may have happened with her body at the time of the impact." *Id.* at 9, 11. Lastly, Defendants argue that should this Court decide that Plaintiff's experts can provide opinions on whether Plaintiff is totally disabled and unable to work, then those opinions are net opinions and should be barred at trial.

In response, Plaintiff argues that she does not intend to elicit any evidence regarding her employability and that "the only 'disability' that Plaintiff's medical experts intend to provide testimony is as to her limitations in activities as a result of the accident—not as they relate to her ability to be gainfully employed." ECF No. 124 at 3-4 (citing to *Bushman v. Halm*, 798 F.2d 651, 659 (3d Cir. 1986). Moreover, Plaintiff argues that her medical experts are permitted to opine as to the causation of the aggravation of Plaintiff's injuries. *Id.* In forming such opinion, Plaintiff argues medical experts are permitted to rely upon a description of the accident as provided to them in demonstrating the causal link between the accident and the injury. *Id.* Plaintiff contends that her "medical experts relied upon their examination of Plaintiff, a review of Plaintiff's medical records as well as Plaintiff's description of the accident in determining the cause of Plaintiff's injuries." *Id.*

As an initial matter, Plaintiff acknowledges that she does not intend to elicit any evidence regarding her employability. *See* ECF No. 124 at 3. Accordingly, the Court will grant Defendants' motion to preclude Plaintiff's medical examiners from testifying about Plaintiff's ability to work.

The second issue the Court must consider is whether Plaintiff's examining physicians may testify about Plaintiff being disabled. Defendants contend that Plaintiff's examining physicians' testimony related to opinions about Plaintiff's disability should be barred because they are not experts trained in the field of disability determinations. Despite Defendants' assertions, Plaintiff's medical experts are qualified to provide opinions regarding Plaintiff's injuries, including any physical limitations and disabilities she may have. A cursory review of the curricula vitae submitted with Defendants' motion papers reveal that Dr. Vonroth is a board-certified orthopedic surgeon with over 50 years of experience in the medical field. *See* Ex. D., ECF No. 120-4 at 21-23. They also reveal that Dr. Chung is board certified in rheumatology and internal medicine and has over 24 years of experience in the medical profession. *Id.* In connection with their reports, Dr. Vonroth and Dr. Chung relied on Plaintiff's x-rays, physical examination, MRIs, medical records, and diagnostic study reports. *See* ECF No. 117-4 at 5-8; *see also* ECF No. 121-4 at 8-10. Based on their medical experience and knowledge of Plaintiff's medical history, Plaintiff's medical experts are qualified to provide opinions regarding Plaintiff's injuries, including any physical limitations and disabilities that Plaintiff may have. Accordingly, the Court will deny Defendants' motion on this issue and permit Dr. Vonroth and Dr. Chung to testify about any disability Plaintiff may have. The Court notes that this decision does not preclude Defendants from objecting to any testimony that goes beyond the scope of Plaintiff's expert reports.

Finally, Plaintiff submits that her medical experts are permitted to opine as to the causation of the aggravation of Plaintiff's injuries. *Id.* In support of her argument, Plaintiff points to the

9

Third Circuit's decision in *Bushman*, which provides that "a treating or examining physician may be an expert on causation in a particular case." *See id.* (citing *Bushman*, 798 F.2d at 659). In response, Defendants contend that "[a]lthough plaintiff's experts can rely on statements rendered by plaintiff, the experts cannot use plaintiff's statement to draw their own conclusion regarding the force of the subject accident." ECF No. 126 at 6. Defendants further contend that such testimony constitutes net opinion and cannot be permitted. *Id.* at 7. The Court agrees with Defendants.

Under New Jersey law, an "expert's bare conclusions, unsupported by factual evidence" are an inadmissible "net opinion." *W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, No. CIV. A. 03-6161 WHW, 2008 WL 5244232, at *5 (D.N.J. Dec. 15, 2008) (citing *Buckelew v. Grossbard,* 87 N.J. 512, 524, 435 A.2d 1150 (1981)). As the New Jersey Appellate Division explained:

> Under New Jersey law, an expert's opinion must be based on a proper factual foundation. In other words, 'expert testimony should not be received if it appears the witness is not in possession of such facts as will enable him [or her] to express a reasonably accurate conclusion as distinguished from a mere guess or conjecture. 'This prohibition against speculative expert opinion has been labeled by modern courts as the 'net opinion rule.' Under this doctrine, expert testimony is excluded if it is based merely on unfounded speculation and unquantified possibilities.

*Dawson v. Bunker Hill Plaza Assocs.,* 289 N.J.Super. 309, 323, 673 A.2d 847 (App. Div. 1996) (internal citations omitted).

Although Dr. Vonroth and Dr. Chung are qualified to testify that Plaintiff sustained serious injuries, they are not qualified to testify about what caused Plaintiff's injuries. The record before the Court does not contain any evidence that Dr. Vonroth and Dr. Chung have any background or experience in accident reconstruction. Moreover, the record lacks any details that Dr. Vonroth and Dr. Chung had specific knowledge about the accident, including any information regarding the

10

damage to each vehicle, the size of each vehicle, and the speed of each vehicle. Thus, any testimony from Dr. Vonroth and Dr. Chung regarding the cause of Plaintiff's injuries related to the accident is an inadmissible net opinion. Accordingly, Plaintiff's medical experts are barred from testifying about what caused Plaintiff's injuries.

### E. Fifth Motion *in Limine* – Defendants' motion to conduct a Rule 104 hearing [ECF No. 121].

Defendants' fifth motion *in limine* requests that the Court conduct a Rule 104 hearing before Plaintiff's experts testify. *See* ECF No. 121-2 at 7. In support of their motion, Defendants cite Federal Rules of Evidence 703 and 803(6). Defendants do not discuss why these rules apply, nor do they discuss Rule 104. Instead, Defendants use a significant portion of their brief to discuss the New Jersey Appellate Division's decision in *James v. Ruiz*, 440 N.J. Super. 45, 51 (App. Div. 2015). In *James*, the Appellate Division held:

> The admissibility problem here stemmed from plaintiff's effort, in effect, to use the hearsay opinion of [the radiologist] substantively as a 'tie breaker' providing the jury with a third opinion on the hotly disputed subject... Moreover, [the radiologist's] opinion finding a disc bulge at L4-5 was sufficiently complex in nature to trigger the **limitations of Rule 808**. We have no reason to believe that the motives, duties and interests of [the radiologist] were anything but benign. By all indications, his professional review of the MRI films was presumably undertaken solely for a patient's diagnosis and treatment, and not set forth with any contemplation of litigation on his part. We also do not question the accuracy of [the radiologist's] opinions, other than to recognize, as we must, that defendant's board-certified orthopedic expert disagreed with his findings. Even so, we agree with the trial judge that the disputed opinions of [the radiologist] were sufficiently complex and controversial to require them to be excluded from the jury's substantive consideration.

ECF No. 121-2 at 10 (citing *James*, 440 N.J. Super. at 72-73) (emphasis added). Relying on the decision in *James*, Defendants argue that Plaintiff's medical experts' opinion on the "permanency" of Plaintiff's alleged injuries are complex and disputed because they differ from Defendants' medical expert's opinion. ECF No. 121-2 at 11. Moreover, Defendants contend that the references

11

made by Dr. Vonroth and Dr. Chung in their reports regarding Plaintiff's medical records are "wholly equivocal rendering it is impossible to determine what they specifically reviewed and relied upon in formulating their opinions, i.e., actual diagnostic films or just the reports and diagnoses from plaintiff's non-testifying, treating physicians." *Id.* at 12. As a result, Defendants argue that a "Rule 104 hearing is required before plaintiff's experts testify to avoid untrustworthy, unreliable and inadmissible hearsay testimony from being presented to the jury." *Id.*

In response, Plaintiff contends that a Rule 104 hearing is not required because her experts are permitted to rely upon hearsay evidence if such evidence is the kind of data relied upon by experts within the same field and if the probative value of the evidence outweighs its prejudicial effect. In support of her argument, Plaintiff submits that Defendants' reliance on *James* is misplaced. Plaintiff notes that in *James*, the court relied on New Jersey Rule of Evidence ("N.J.R.E.") 808, "a provision that has no analogue in the federal rules" and sets forth that "some expert opinions contained in business records or other sources are admissible, but others are not." ECF No. 123 at 2 (citing *James*, 440 N.J. at 62). Because N.J.R.E. 808 does not have an analogous rule contained in the Federal Rules of Evidence, Plaintiff argues that *James* is not applicable.

In further support of her opposition, Plaintiff points to this Court's decision in *Herrera v. Murphy*, No. CV 17-4293 (SRC), 2020 WL 6787259, at *3 (D.N.J. Nov. 18, 2020). In *Herrera*, the defendant moved to bar plaintiff's medical expert from testifying about a disc herniation the plaintiff sustained in a motor vehicle accident on the basis that such evidence constituted impermissible hearsay. *Id*. The Court denied the defendant's motion, finding that it was not improper for plaintiff's expert to rely on the reports from a doctor interpreting MRIs to form his opinion about the injuries that the plaintiff sustained in a motor vehicle accident. *Id.* at *4. The

12

Court held that reports of another physician is the type of evidence on which a doctor would rely to form an opinion. *Id.*

In its reply, Defendants argue that Plaintiff's experts reference various medical records and diagnostic reports when rendering their opinions on Plaintiff's injuries. ECF No. 127 at 2. Defendants contend that "[t]he doctors' references to these records are so vague that it is impossible to determine which record and reports were relied upon and whether the doctors personally reviewed the records and reports or whether the doctors relied upon the opinions of plaintiff's non-testifying treating physicians." *Id.* As a result, Defendants contends that "it is impossible to determine whether it was reasonable for plaintiff's experts to rely on the records and reports upon which their opinion are based[.]" *Id.*

Under Federal Rule of Evidence 703, an expert witness is permitted to rely on hearsay evidence if it is the kind of data on which experts in his or her field would reasonably rely to form an opinion on the subject. *See* also *Herrera*, 2020 WL 6787259, at *3 (citing Fed. R. Evid. 703). The rule provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703. Rule 703's advisory committee notes expressly recognize that "a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions from nurses, technicians and other doctors, hospital records, and X rays." *Id.*, advisory committee's note to proposed rules.

In this case, Dr. Vonroth relied on x-rays, physical examination, and findings that were documented in Plaintiff's MRIs.  *See* ECF No. 117-4 at 5-8.  Dr. Chung reported that he relied on records from Plaintiff's treating orthopedist and Plaintiff, MRIs, diagnostic study reports from physicians who treated Plaintiff, and his physical examination of Plaintiff.  *See* ECF No. 121-4 at 8-10.  This is the type of evidence on which a doctor would reasonably rely in forming his opinion.  *See Herrera*, 2020 WL 6787259, at *4.  Accordingly, Defendants' motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' first motion *in limine* to bar all evidence and testimony related to opinions by Plaintiff's experts regarding Plaintiff's need for future medical treatment and associated costs of the same [ECF No. 117] is **GRANTED-in-part** and **DENIED-in-part**; Defendants' second motion *in limine* to bar all evidence related to Defendants' prior and subsequent motor vehicle accidents [ECF No. 118] is **GRANTED**; Defendants' third motion *in limine* to bar all discovery and medical records not served within the applicable discovery period [ECF No. 119] is **GRANTED-in-part** and **RESERVED-in-part**; Defendants' fourth motion *in limine* to bar Plaintiff's experts' opinions regarding employment and disability [ECF No. 120] is **GRANTED-in-part** and **DENIED-in-part**; and Defendants' fifth motion *in limine* requesting that the Court conduct a Rule 104 hearing before Plaintiff's medical experts testify to determine whether they relied on inadmissible evidence [ECF No. 121] is **DENIED**.  An appropriate Order accompanies this Opinion.

DATED: May 11, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge