UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANN ALBERTS<br>                    Plaintiff,<br>     v.<br>BUEFORD DAVIS BUMGARDNER, JR., *et al*<br>                    Defendants. | **Civil Action No. 13-5538 (JXN) (JBC)**<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on the motion by Plaintiff Maryann Alberts ("Plaintiff") for reconsideration or clarification of the Court's Opinion and Order dated May 11, 2022 [ECF No. 132], which Defendants have opposed [ECF No. 133]. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion [ECF No. 132] is **GRANTED**.

    I.      **BACKGROUND**

This motion arises from the Court's Opinion and Order addressing five motions *in limine* filed by Defendants. *See* Opinion and Order, ECF Nos. 130, 131. Currently at issue is the Court's decision on the fourth motion *in limine*, which Defendants moved to have this Court bar all evidence and testimony related to the opinions by Plaintiff's medical witnesses regarding Plaintiff's employment and disability. Fourth Mot. in Lim., ECF No. 120. In support of their motion, Defendants argued that "plaintiff's experts do not possess[] the requisite qualifications to offer testimony about the 'force' of the subject accident as it relate[s] to the mechanism of

plaintiff's injuries." Reply Br., ECF No. 126 at 6.[1]  The Court granted Defendants' motion, and barred Plaintiff's medical witnesses from testifying about what caused Plaintiff's injuries.

Plaintiff promptly moved the Court to clarify or reconsider its Order.  Mot. for Recons., ECF No. 132.  In the motion, Plaintiff contends that she will accept the Court's decision if "the Court simply intended to preclude Plaintiff's medical experts from opining as to the specific forces to which Plaintiff's body was subject as a result of the collision but does not preclude Plaintiff's experts from giving a medical opinion as to the causal relationship between the accident and injuries[.]"  Br. in Supp. of Mot. for Recons., ECF No. 132-1.  Defendants oppose this motion, which is now ripe for the Court to decide.

## II.   LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend."  *Ebert v. Twp. of Hamilton*, Civ. No. 15-7331, 2019 WL 5782872, at *1 (D.N.J. Nov. 6, 2019) (citing *Lynch v. Tropicana Prods., Inc.*, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013).  "Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order," the movant must show that the court has a duty to do so.  *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019).

In comparison, motions for reconsideration are intended to "correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling.  Such motions are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier."  *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010).  Accordingly, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system

2

available when the court" ruled on the motion; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### III. DISCUSSION

Plaintiff moves for reconsideration or clarification of the Court's Opinion and Order on Defendants' fourth motion *in limine*. ECF No. 132-1 at 2. Specifically, Plaintiff requests that the Court clarify whether its Opinion and Order precludes Plaintiff's medical witnesses from opining as to the causal relationship between Plaintiff's injuries and the accident. *Id.* at 3. Plaintiff notes that although Defendants' motion only sought to bar Plaintiff's medical witnesses from testifying about the forces experienced by Plaintiff's body in the subject accident, the Court's decision can be interpreted as barring Plaintiff's medical experts from testifying as to any causal relation between the subject accident and Plaintiff's injuries. *Id.* Defendants counter that Plaintiff's motion should be denied because Plaintiff's experts "draw their conclusions about the cause of plaintiff's alleged injuries based upon improper analyses about the force of the subject motor vehicle accident," which Defendants contend is outside the scope of their expertise. Defs.' Br. in Opp'n, ECF No. 133 at 3.

In the Court's Opinion, the Court explained that the "record before the Court does not contain any evidence that Dr. Vonroth and Dr. Chung have any background or experience in accident reconstruction." Opinion at 10, ECF No. 130. The Court further explained that "the record lacks any details that Dr. Vonroth and Dr. Chung had specific knowledge about the accident, including any information regarding the damage to each vehicle, the size of each vehicle, and the speed of each vehicle." *Id.* This explanation was in response to Defendants' request to preclude Plaintiff's medical witnesses from testifying about the "force" of the subject accident in connection

3

with Plaintiff's injuries. It was not the Court's intent to preclude Plaintiff's medical witnesses from giving a medical opinion as to the causal relationship between the accident and Plaintiff's injuries. Accordingly, the Court will grant Plaintiff's motion for clarification to eliminate any further confusion. For sake of clarity, Plaintiff's medical witnesses are precluded from testifying about the "force" of the accident and how Plaintiff's body reacted to those forces. Plaintiff's medical witnesses may testify about the causal relationship between the subject accident and Plaintiff's injuries. The Court notes that this decision does not preclude Defendants from objecting to any testimony that goes beyond the scope of the witnesses' knowledge or expertise.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration or clarification [ECF No. 132] is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: July 19, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge